[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Petitioner, Roberto Vergara, brings this petition for writ of habeas corpus by an amended petition dated March 21, 1996. The Petitioner made a motion which the court granted to CT Page 3629 allow him to file an amended petition at the conclusion of the evidence in this matter. This was done and a seconded Amended Petition dated April 15, 1996 was filed on that date. The Petitioner alleges that his attorney, John Sullivan, was ineffective in his representation of him because he did not see to it that the jury included some minority individuals. The Petitioner is of Hispanic descent and the jury in his case was all white.
The Petitioner was charged with the following crimes:
Burglary in the Third Degree (§ 53a-103(a))
Kidnapping in the First Degree with a Firearm (§ 53a-92a)
Unlawful Restraint in the First Degree (§ 53a-95(a))
Robbery in the First Degree (§ 53a-134(a)(4))
Larceny in the Fourth Degree (§ 53a-125(a))
On December 22, 1992, the Petitioner was found guilty of all of the above charges except Robbery in the First Degree. Under that count he was found guilty of Robbery in the Second Degree. On February 4, 1993, the Petitioner was sentenced to a total' effective sentence of thirty (30) years incarceration.
The Petitioner's Attorney, John Sullivan, testified that on December 10, 1992 after five white jurors had been selected the Petitioner raised concerns to him about the lack of minority jurors on the jury panel. A jury of six plus two alternates was eventually, chosen for the Petitioner's case and they were all white. On the last day of jury selection after a recess the Petitioner refused to come upstairs for the continuation of jury selection because he said he could not get a fair trial. The Petitioner addressed the court concerning the lack of minority representation on his jury. The trial Judge warned him that the trial would go on without him if he did not care to be present. The Petitioner chose to be present in the courtroom and he was for the entire trial.
Attorney Sullivan made a motion to dismiss the jury array on December 10, 1992 because there were no minorities in the array. The trial judge denied this motion and Attorney Sullivan took an exception to that ruling. CT Page 3630
During this habeas hearing the Petitioner's attorney asked Attorney Sullivan if he was aware of Practice Book § 842 during the Petitioner's jury selection. Attorney Sullivan said he was familiar with that section. Practice Book § 842 reads as follows:
Sec. 842. — Challenge to Array
 Any party may challenge an array on the ground that there has been a material departure from the requirements of law governing the selection and summoning of an array. Such challenge shall be made within five days after notification of the hearing or trial date, unless the defect claimed has arisen subsequent to the time required to make such motion.
Attorney Sullivan testified that he did not feel he could sustain a constitutional challenge to the composition of the jury array under State v. Tillman, 220 Conn. 487 (1991). "In order to establish a prima facie violation of the fair-cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a `distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." IBID 492. Attorney Sullivan testified that there was no evidence of a systematic exclusion of a particular group in the jury selection process.
After the conclusion of the Petitioner's trial, Attorney Sullivan learned from another Attorney who was part of the jury array on December 10, 1992, that he overheard some ethnic remarks made in the jury assembly room about the Petitioner. These remarks were words to the effect "why would there be a Puerto Rican in Town. You know what was he doing there if it wasn't to do the criminal activity" (Exhibit I Transcript of February 2, 1993 Page 10). The trial Judge held a full hearing on these remarks that were made in the array from which the sixth juror and two alternates were chosen. The sixth juror and two alternates were brought back to court and questioned if they heard such remarks. They all stated they did not hear any such remarks and the trial judge was satisfied that the aforementioned jurors were not prejudiced. The trial judge then denied the Petitioner's Attorney's Motion for a New Trial based on newly CT Page 3631 discovered evidence which evidence was the aforementioned statements overheard in the jury assembly room.
The Petitioner, Roberto Vergara, testified and maintains his innocence. He testified he only met Attorney Sullivan in court and he told him about his concerns about the jury make up. He stated he told Attorney Sullivan that he wanted one black person and one Latino person on the jury. The Petitioner testified that Attorney Sullivan told him there may be minorities in the next panel but that was never the case. The Petitioner stated that when he would bring up the issue of the jury make up Attorney Sullivan would say "don't worry if you're found guilty I'll appeal the case." The case was appealed and the Petitioner's conviction was affirmed in State v. Vergara, 36 Conn. App. 930
(1994), cert. denied 232 Conn. 909 (1995). The Petitioner testified he did not feel he got a fair trial because of the make up of his jury.
"Our Supreme Court has adopted the two-pronged analysis ofStrickland v. Washington, supra, to determine if counsel's assistance was ineffective. Bunkley v. Commissioner ofCorrection, 222 Conn. 444, 455, 610 A.2d 598 (1992). Sekou v.Warden, 216 Conn. 678, 690, 583 A.2d 1277 (1990). Under this analysis, to prevail on a constitutional claim of ineffective assistance of counsel, the petitioner must demonstrate both (1) deficient performance and (2) actual prejudice. Bunkley v.Commissioner of Correction, supra; Hull v. Warden, 32 Conn. App. 170,174, 628 A.2d 32 (1993); Siano v. Warden, supra."
"`To satisfy the first prong, that his counsel's performance was deficient, the petitioner must establish that his counsel made errors so serious that [he] was not functioning as the "counsel" guaranteed the [petitioner] by the Sixth Amendment . . . . The petitioner must thus show that counsel's representation fell below an objective standard of reasonableness considering all of the circumstances . . . . We will indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. The petitioner must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" (Citations omitted; internal quotation marks omitted.) Siano v.Warden, supra; Hull v. Warden, supra; Copas v. Warden, supra, 683-84.
"`To satisfy the second prong, that his counsel's deficient CT Page 3632 performance prejudiced his defense, the petitioner must establish that counsel's errors were so serious as to deprive the [petitioner] of a fair trial, a trial whose result is reliable . . . . The petitioner must establish that, as a result of his trial counsel's deficient performance, there remains a probability sufficient to undermine confidence in the verdict that resulted in his appeal . . . . The second prong is thus satisfied, if the petitioner can demonstrate that there exists a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' (citations omitted; internal quotation marks omitted). Siano v.Warden, supra, 98; Bunkley v. Commissioner of Correction, supra, 454-55." Davis v. Warden, 32 Conn. App. 296, 301-303,629 A.2d 440, cert denied, 227 Conn. 924, 632 A.2d 701 (1993). Johnson v.Commissioner of Correction, 36 Conn. App. 695, 701, 702 (1995).
After hearing the evidence this court finds that the Petitioner has failed to sustain his burden of proof on either prong of the test set forth in Strickland v. Washington, supra, as to any of the allegations in his Amended Petition dated April 15, 1996. He has not proved that his counsel's representation of him was deficient. Further he has not proved that he was prejudiced by his attorney's representation of him.
For the above reasons the Petitioner's habeas corpus petition is denied.
William J. Sullivan, Judge